UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| SEBASTIAN HERNANDEZ,<br><br>   Plaintiff,<br><br>v.<br><br>IDOC MOVE COORDINATOR, JAY CHRISTENSEN, TYRELL DAVIS, NICHOLAS BAIRD, AMANDA HOTTINGER, JUSTIN GIBNEY,<br><br>   Defendants. | Case No. 1:22-cv-00257-BLW<br><br>**INITIAL REVIEW ORDER BY SCREENING JUDGE** |

The Complaint of Plaintiff Sebastian Hernandez was conditionally filed by the Clerk of Court due to his status as a prisoner and pauper. Dkts. 3, 1. A "conditional filing" means that Plaintiff must obtain authorization from the Court to proceed. After reviewing the Complaint, the Court has determined that Plaintiff's Complaint must be amended if he desires to proceed.

REVIEW OF COMPLAINT

1. **Factual Allegations**

On July 19, 2021, Plaintiff's entire unit was moved from a medium security facility (ISCC) to a maximum security facility (IMSI). In the medium security facility, officers kept on hand two ice chests filled with ice for inmates to use to self-treat their pain conditions. At the new facility, inmates had access only to a one-gallon tub of ice, which ran out quickly. Plaintiff often did not have a chance to get any ice to treat his

**INITIAL REVIEW ORDER BY SCREENING JUDGE - 1**

pain. Plaintiff asked officers in the new facility to provide the inmates with more ice, but they refused.

Plaintiff theorizes that the lack of ice at IMSI was an atypical and significant hardship because of the lack of available pain relief in that unit. *See Sandin v. Conner*, 515 U.S. 472 (1995) (holding that a due process liberty interest can arise if prison living conditions constitute an atypical and significant hardship). Plaintiff says that being unable to relieve his pain led to mental and emotional instability, which led to disciplinary offenses and harsh sanctions, which caused even more hardship and suffering. He asserts that he had a liberty interest in not being moved to a facility that did not have free access to ice without prison officials providing him with adequate due process protections.

## 2. Standard of Law for Screening Complaints

Under modern pleading standards, Federal Rule of Civil Procedure 8 requires a complaint to "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal* 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). In addition, the Prison Litigation Reform Act (PLRA)[1] requires the Court to screen all pro se prisoner and pauper complaints to determine whether they have stated a claim upon which relief can be granted before such complaints are served on the defendants. 28 U.S.C. §§ 1915 & 1915A. The Court must dismiss any claims that are frivolous or malicious, that fail to

---

[1] Pub. L. No. 104-134, 110 Stat. 1321, *as amended*, 42 U.S.C. § 1997e, *et seq.*

**INITIAL REVIEW ORDER BY SCREENING JUDGE - 2**

state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

The Court liberally construes a plaintiff's pleadings to determine whether the case should be dismissed for lack of a cognizable legal theory or failure to plead sufficient facts to support a cognizable legal theory under the *Iqbal/Twombly* standard. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis.

### 3.  Due Process Theory

To state an actionable Fourteenth Amendment procedural due process claim, a plaintiff must allege facts showing "(1) a liberty or property interest protected by the Constitution; (2) a deprivation of the interest by the government; [and] (3) lack of process." *Wright v. Riveland*, 219 F.3d 905, 913 (9th Cir. 2000) (citation omitted).

Liberty interests may arise from the Due Process Clause itself or from state law. *Hewitt v. Helms*, 459 U.S. 460, 466–68 (1983), *abrogated in part on other grounds by Sandin v. Conner*, 515 U.S. 472, 482-86 (1995). Liberty interests created by state law or prison regulations that entitle an inmate to due process are "generally limited to freedom from restraint." *Sandin*, 515 U.S. at 484 (internal citations omitted). A liberty interest arises only if the conditions of confinement impose an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Id.*.

There is no single standard for determining whether a prison hardship is atypical and significant, and the "condition or combination of conditions or factors ... requires

**INITIAL REVIEW ORDER BY SCREENING JUDGE - 3**

case by case, fact by fact consideration." *Keenan v. Hall,* 83 F.3d 1083, 1089 (9th Cir. 1996). Three guideposts cited in the *Sandin* analysis provide a helpful framework: (1) whether the challenged condition "mirrored those conditions imposed upon inmates in administrative segregation and protective custody," and thus comported with the prison's discretionary authority; (2) the duration of the condition, and the degree of restraint imposed; and (3) whether the state's action will invariably affect the duration of the prisoner's sentence. *Sandin,* 515 U.S. at 486–87; *Keenan,* 83 F.3d at 1089.

There is no precedent showing that a lack of free access to ice on a prison tier is considered an atypical and significant hardship from which a liberty interest arises. There is no "restraint" associated with not having free access to ice, nor is Plaintiff's sentence prolonged as a result of the condition. Plaintiff has not alleged that inmates in segregation or protective custody in the IDOC system have free access to ice, only that it is provided on his former tier at ISCC. Accordingly, this theory does not provide a cause of action for Plaintiff.

In addition, there is no due process liberty interest in being placed in a certain prison unit and no constitutional right to live in a certain unit. *See, e.g., Meachum v. Fano*, 427 U.S. 215, 255 (1976), and *McCune v. Lile*, 536 U.S. 24, 38 (2002). Prison housing assignments are functions wholly within the discretion of the prison administration. *See Olim v. Wakinekona*, 461 U.S. 238, 245 (1983). The United States Supreme Court has cautioned the federal courts not to interfere with the day-to-day operations of the prisons, especially those things related to security, a task which is best

**INITIAL REVIEW ORDER BY SCREENING JUDGE - 4**

left to prison officials who have particular experience in dealing with prisons and prisoners. *See Turner v. Safley*, 482 U.S. 78, 89 (1987) (First Amendment claims).

### 4. Eighth Amendment Theory

Plaintiff also alleges that the lack of free access to ice in the new facility amounted to cruel and unusual punishment. This, however, must be classified as a medical claim. If Plaintiff has a bodily injury or medical condition that requires him to have ice at various times throughout the day, then his medical providers would have written a medical memo permitting him to have free access to ice. If he has such a memo, then the question of who is responsible for ensuring that his housing unit provides him with access to ice must be answered before Plaintiff can proceed on a claim that his medical memo is being thwarted by certain prison officials. Plaintiff has not provided information about whether he has a medical memo, prescription, or order, and, if he does, who is in charge of ensuring that the medical memo can be fulfilled in the prison. Any such claim must have been exhausted in the prison grievance system as a medical claim against medical personnel, or as a claim against prison personnel who are not abiding by medical orders issued for inmates.

Plaintiff will be provided with an opportunity to amend his Complaint to state an Eighth Amendment claim. He must not include a due process claim, however, as there is no support in precedent for such a claim and no argument that the law should be extended for all inmates to have free access to ice in any facility.

**INITIAL REVIEW ORDER BY SCREENING JUDGE - 5**

### 5. Instructions for Amendment

If Plaintiff chooses to amend the Complaint, he must allege a sufficient causal connection between each defendant's actions and the claimed deprivation of his constitutional rights. *Taylor v. List*, 880 F.2d 1040, 1045 (1989); *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978). "Vague and conclusory allegations of official participation in civil rights violations are not sufficient to withstand a motion to dismiss" or to survive screening under 28 U.S.C. §§ 1915 and 1915A. *Ivey v. Bd. of Regents of Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982); *see also Iqbal*, 556 U.S. at 678 (a complaint is insufficient if it "tenders naked assertions devoid of further factual enhancement" (punctuation altered)).

An amended complaint must contain all of Plaintiff's allegations in a single pleading and cannot rely upon or incorporate by reference prior pleadings. Dist. Idaho Loc. Civ. R. 15.1. An amended pleading completely replaces the original pleading.

A pleading is more understandable if it is organized by claim for relief and defendant, rather than asserting a broad set of facts at the beginning of a pleading that are unrelated to a list of defendants elsewhere in the pleading. For each claim against each defendant, Plaintiff must state the following (organized by each defendant): (1) the name of the person or entity Plaintiff claims to have caused the alleged deprivation of his constitutional rights; (2) the facts showing that the defendant is a state actor (such as state employment or a state contract) or a private entity/private individual acting under color of state law; (3) the dates on which the conduct of the defendant allegedly took place;

**INITIAL REVIEW ORDER BY SCREENING JUDGE - 6**

(4) the specific conduct or action Plaintiff alleges is unconstitutional; (5) the particular provision of the constitution Plaintiff alleges has been violated; (6) facts alleging that the elements of the violation are met; (7) the injury or damages Plaintiff personally suffered; and (8) the particular type of relief he is seeking from each defendant.

The amended complaint must be legibly written or typed in its entirety, and it should be clearly designated as an "Amended Complaint." Plaintiff's name and address should be clearly printed at the top left corner of the first page of each document filed with the Court.

If Plaintiff files an amended complaint, he must also file a "Motion to Review the Amended Complaint." He may also file a notice of voluntary dismissal if he determines that he has insufficient facts to support any plausible claim or that he has not exhausted his remedies for a plausible claim that might be brought in the future. If Plaintiff fails to file anything further, his Complaint will be dismissed.

## ORDER

**IT IS ORDERED** that Plaintiff must file an amended complaint or notice of voluntary dismissal no later than 45 days after entry of this Order. Failure to do so will result in dismissal of this action without prejudice without further notice.

DATED: January 4, 2023

B. Lynn Winmill
U.S. District Court Judge

**INITIAL REVIEW ORDER BY SCREENING JUDGE - 7**